**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| RAFAEL GAMBOA AND LINDA GAMBOA, | ) | 3:10-CV-454-ECR-VPC |
| Plaintiffs, | ) | |
| vs. | ) | **Order** |
| WORLD SAVINGS BANK, FSB, WACHOVIA MORTGAGE FSB, WELLS FARGO BANK, N.A., and DOES 1-10 | ) | |
| Defendants. | ) | |

Plaintiffs in this case are homeowners who claim to be victims of an unlawful and wrongful foreclosure initiated by Defendants.

Now pending is Defendants' motion to dismiss (#4). The motion is ripe, and we now rule on it.

**I. Factual and Procedural Background**

On August 26, 2006, Plaintiffs executed a promissory note and deed of trust. (Compl. ¶ IV (#1-2).) On August 28, 2006, Plaintiffs executed a second promissory note and deed of trust on the same property. (Id.) In March 2009, Plaintiffs spoke, by telephone, to an agent of Defendants "who refused to give them their full name and were advised that Plaintiffs would be eligible for a loan modification by reason of the financial hardships undertaken by

1 Plaintiffs as a result of Plaintiff's illness." (Id. ¶ XV.)
2 "Plaintiffs were advised not to make any more payments on their loan
3 in order to qualify for the loan modification program." (Id. ¶ XV
4 (#1-2).) In March 2009, Plaintiffs spoke, by telephone, to
5 Defendants "for purposes of electing to convert said loan to a fixed
6 rate loan." (Id. ¶ XIII.) Plaintiffs were advised "that said
7 right was no longer available to Plaintiffs and refused to permit
8 such a conversion as World Savings Bank was no longer in business."
9 (Id.) In April 2010, Plaintiffs were told they were approved for a
10 loan modification. (Id. ¶ XVII) On July 14, 2009, Defendants filed
11 a notice of default and election to sell on one of Plaintiffs' deeds
12 of trust. (Id. ¶ V.)
13     On May 25, 2010, Plaintiffs filed this lawsuit in state court.
14 On July 20, 2010, Defendants removed the lawsuit (#1) to federal
15 court, invoking our diversity jurisdiction. On July 27, 2010,
16 Defendants filed the pending motion to dismiss (#4) and request for
17 judicial notice (#5). Plaintiffs opposed (#10) the motion to
18 dismiss (#10), and Defendants replied (#13).
19
20                    **II. Motion to Dismiss Standard**
21     A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be
22 granted if the complaint fails to "state a claim to relief that is
23 plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,
24 570 (2007). On a motion to dismiss, "we presum[e] that general
25 allegations embrace those specific facts that are necessary to
26 support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555,
27 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889
28                                     2

(1990)) (alteration in original).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party."  <u>In re Stac Elecs. Sec. Litig.</u>, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss."  <u>In re Stac Elecs.</u>, 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself.  See <u>Lee v. City of L.A.</u>, 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond.  Fed. R. Civ. P. 12(d); see <u>United States v. Ritchie</u>, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment."  <u>Ritchie</u>, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them."  <u>Lee</u>, 250

3

F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908.  Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss.  Id. at 909; see Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

### III. Discussion

Defendants challenge Plaintiffs seventh and eighth claims for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty, respectively.[1]

A. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' seventh claim alleges a violation of the implied covenant of good faith and fair dealing.  In every contract, there is an implied covenant of good faith and fair dealing: "When one

---

[1] Plaintiffs do not actually label their claims with the names of causes of action under which they seek relief. Nevertheless, Defendants characterize Plaintiffs' seventh and eight claims as 'breach of the implied covenant of good faith and fair dealing' and 'breach of fiduciary duty' and Plaintiffs do not dispute Defendants' characterization.

4

party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991). A breach of the covenant occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract . . . ." Id. at 922-23. The following provides a quintessential example of a circumstance giving rise to a claim for breach of the implied covenant of good faith and fair dealing: A lessee enters into a percentage lease wherein it agrees to pay a certain percentage of gross sales receipts as rental and then deliberately alters its business in a way that reduces expected sales by, for example, diverting business to another store for the sole purpose of bringing down the rent. Id. at 924 n.6.

    The allegations in Plaintiffs' complaint do not support a claim for breach of the implied covenant of good faith and fair dealing. There are no allegations indicating Defendants performed the contract in a manner inconsistent with the intention or spirit of the contract. Id. The information allegedly provided to Plaintiffs telephonically by Defendants may indeed form the basis of another claim for relief, but it does not support a claim for breach of the implied covenant of good faith and fair dealing. Plaintiffs' seventh claim will therefore be dismissed.

B. Breach of Fiduciary Duty

Plaintiffs' eighth claim is breach of fiduciary duty. Under Nevada law, a "fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." Stalk v. Mushkin, 199 P.3d 838, 843 (Nev. 2009) (internal quotation marks and citation omitted).

We have not discovered, nor have the parties provided, any Nevada precedent addressing the issue of whether or not a fiduciary relationship arises from the relationship between a lender and a debtor. In Yerington Ford, Inc. v. General Motors Acceptance Corp., 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004)(overruled on other grounds), a federal district court in the District of Nevada, faced with the same lack of Nevada precedent, conducted an exhaustive survey of Nevada case law regarding fiduciary relationships and analyzed case law in other jurisdictions. The Yerington court ultimately concluded that the "Nevada Supreme Court would hold that an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances." Id. We agree. Because Plaintiffs have not alleged facts that might constitute "exceptional circumstances," their claim for breach of fiduciary duty must fail. Id. Plaintiffs' eighth claim will therefore be dismissed.

### IV. Leave to Amend

Under Rule 15(a) leave to amend is to be "freely given when justice so requires." FED. R. CIV. P. 15(a). In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found.

6

Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  If factors such as undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003)(discussing Foman v. Davis, 371 U.S. 178, 182 (1962).

In light of the liberal spirit of Rule 15(a), Plaintiffs should have an opportunity to amend their complaint to cure the deficiencies noted herein.  If Plaintiffs do not amend their complaint, this lawsuit will proceed with respect to the claims not challenged by the motion to dismiss.  If Plaintiffs choose to amend the complaint and the amended complaint is similarly deficient, however, we may be forced to conclude that leave to further amend would be futile.

### VI. Conclusion

Plaintiffs' seventh claim for breach of the implied covenant of good faith and fair dealing fails because Plaintiffs do not allege facts indicating Defendants performed the contract in a manner inconsistent with the intention or spirit of the contract. Plaintiffs' eighth claim for breach of fiduciary duty fails because Plaintiffs have not alleged facts that might constitute "exceptional circumstances."  Plaintiffs will be given leave to amend.

7

**IT IS, THEREFORE, HEREBY ORDERED THAT** Defendants' Motion to Dismiss (#4) is **GRANTED**.  Plaintiffs' seventh and eighth claims are dismissed.

**IT IS FURTHER ORDERED THAT** Plaintiffs shall have twenty-one (21) days within which time to file an amended complaint.

DATED: December 6, 2010.

_____
UNITED STATES DISTRICT JUDGE

8